IN THE 
COURT OF CRIMINAL APPEALS
OF TEXAS




NO. AP-75,508


 

EX PARTE STANLEY WAYNE HILL, Applicant
 






ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM WHEELER COUNTY


Johnson, 
J., 
filed a dissenting opinion in which Price, J., joined. 


D 
I S S E N T I N G  O P I N I O N

"Argot: 1. an idiomatic vocabulary 
peculiar to a particular class or group of people . . . devised for private 
communication and identification . . .. 2. the special vocabulary and idiom of a 
particular profession or social group." Webster's Encyclopedic Unabridged 
Dictionary of the English Language, Gramercy Books, 1989. 
Like many groups, the Board of 
Pardons and Paroles (BPP) appears to have developed an argot that is useful 
within the confines of intra-panel communication but is counter-productive when 
used outside of that environment. The plain language used in its communications 
with applicant is, at best, ambiguous and uninformative, at worst, incorrect and 
misleading. 
There is a legitimate 
differentiation between mandatory supervision and discretionary mandatory 
supervision (a legislative oxymoron). The inexact use of the words "eligible" 
and "ineligible" seem to be producing much of the confusion. If BPP means that 
an inmate is ineligible for mandatory supervision, but eligible for 
discretionary mandatory supervision, then its communications with inmates should 
say so. "[O]ffense identified as not eligible for mandatory supervision release 
by statute" does not convey such a message. An inmate (and many a lawyer) will 
read such a notation to indicate that BPP is ignorant of the law or the facts. 
If an inmate's offense is not listed in Texas Government Code §508.149, BPP will 
be thought to be ignorant of the facts. If an inmate's criminal history does not 
include an offense listed in Texas Government Code §508.149, BPP will be thought 
to be ignorant of the law. Or both.
Coupling "offense identified as 
not eligible for mandatory supervision by statute" with "offender was denied 
mandatory supervision by Board of Pardons and Paroles vote and converted to 
non-mandatory supervision status pursuant to HB 1433" exacerbates the already 
ineffective communication. If an inmate is not eligible for mandatory 
supervision, denial of it is superfluous, and the inmate's status cannot be 
"converted" to non-mandatory supervision status because he already has that 
status.
I suspect that such inexact use of 
language generates a plethora of legal filings, not only in this Court, but also 
in BPP. The flood of paper might conceivably be stanched by the use of plain, 
accurate descriptions of actions taken by BPP and removal of notations, such as 
"HB 1433," that are vague (HB 1433 from which session?), uninformative, and 
cryptic for persons such as inmates. For example, the notification to an inmate 
after a release hearing might be one of the following: "Inmate is ineligible for 
release on mandatory supervision because of a prior conviction for an offense 
listed in Texas Government Code §508.149"; "Inmate is eligible for discretionary 
mandatory supervision, but has been denied release because the inmate's accrued 
good-conduct time does not accurately reflect the inmate's potential for 
rehabilitation and the inmate's release would endanger the public. Texas 
Government Code §508.149(b)"; "Inmate has been denied release on discretionary 
mandatory supervision for the third time and is therefore ineligible for further 
consideration for such release." Given the opacity of the BPP's communication to 
applicant, I am unwilling to presume anything about BPP's intent. I would remand 
to establish what applicant's actual status is and, upon return from remand, 
reconsider the merits of applicant's complaint. 
I respectfully 
dissent.
Filed: December 6, 2006
Publish